**Adam BUTLER, II, Petitioner–Appellant,**

v.

**Michael PETTIFORD, Respondent–Appellee.**

**No. 04–60626.
Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Feb. 23, 2005.

Adam Butler, II, # 16645–001, Yazoo City, MS, pro se.

Robert Gilmon Anderson, U.S. Attorney's Office, Southern District of Mississippi, Jackson, MS, for Respondent–Appellee.

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM: *

Adam Butler, II, federal prisoner # 16645–001, appeals the district court's

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

dismissal of his 28 U.S.C. § 2241 petition. Relying on *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), Butler filed the petition to attack his conviction in the Northern District of Alabama for use of a firearm in relation to a drug crime.

Butler contends that his *Bailey* claim falls within the savings clause in 28 U.S.C. § 2255. "[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes–Requena v. United States,* 243 F.3d 893, 904 (5th Cir.2001).

Because his conviction became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act, Butler had until April 23, 1997, to file a 28 U.S.C. § 2255 motion. *See Goodman v. United States,* 151 F.3d 1335, 1337 (11th Cir.1998). Butler has not shown that his *Bailey* claim was foreclosed by circuit law at the time when he should have raised the claim in his first 28 U.S.C. § 2255 motion. Accordingly, the judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.